**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CR-189-TCK |
| | ) | |
| BRIAN SCOTT PERRY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On October 26, 2012, Defendant, a federal inmate appearing *pro se*, filed a motion entitled "Rule 60B Newly Discovered Evidence" (Dkt. # 124). In his motion, Defendant alleges that "there has been a fraud upon the Court at my jury trial by Officers John Gray, Corpl. Harold Wells, and ATF Agent Brandon McFedden [sic]." Id. Defendant requests an evidentiary hearing and appointment of counsel. Id. He also states that "[t]his is a constitutional redress of greivnce [sic] not a 2255." Id. For the reasons discussed below, the Court finds Defendant's motion shall be dismissed without prejudice as a second or successive 28 U.S.C. § 2255 motion filed without prior authorization from the Tenth Circuit Court of Appeals.

The record for this matter reflects that Defendant is in custody pursuant to convictions of Possession of a Firearm After Prior Conviction of a Felony, Possession With the Intent to Distribute Methamphetamine, and Possession of a Firearm in Furtherance of a Drug-Trafficking Crime. On August 1, 2005, he was sentenced to 150 months imprisonment. See Dkt. # 65. Defendant appealed his convictions to the Tenth Circuit Court of Appeals. On May 31, 2006, the Tenth Circuit affirmed. See Dkt. # 79.

On September 13, 2007, Defendant filed a 28 U.S.C. § 2255 motion. On November 15, 2010, the Court denied Defendant's 28 U.S.C. § 2255 motion and entered Judgment in favor of

Respondent. See Dkt. #s 115 and 116. Defendant did not appeal the Court's ruling. On February 14, 2011, Defendant filed a motion for appointment of counsel (Dkt. # 118), alleging that police corruption tainted his convictions. By Order filed February 16, 2011, the Court denied the motion, but referred the motion to the Special Attorney investigating the police corruption cases to determine whether Defendant's case "merits further investigation." See Dkt. # 119. On October 24, 2011, Defendant sent another letter to the undersigned, complaining of police corruption and again requesting appointment of counsel. See Dkt. # 122. By Order filed October 26, 2011, the Court denied Defendant's request for appointment of counsel and specifically advised Defendant that if he "believes he has a meritorious basis for seeking relief from his conviction and sentence, the exclusive remedy for such claim is provided by 28 U.S.C. § 2255." See Dkt. # 123 (citing Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999)). The Court further advised Defendant that, because he had already been denied relief under § 2255, he would be required to obtain authorization from the Tenth Circuit Court of Appeals before filing a second § 2255 motion in this Court. Id. (citing 28 U.S.C. §§ 2255(h), 2244(b)).

In the instant Rule 60(b) motion, Defendant attempts to circumvent the limitations applicable to second or successive § 2255 motions by simply claiming that his request is not a § 2255 motion. To allow a defendant to avoid the bar against successive § 2255 motions by "simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). Defendant asserts or reasserts grounds for relief from his sentence, and does not assert claims challenging procedural rulings by this Court. Therefore, his Rule 60(b) motion is a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005) (finding that a motion for

2

relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"). Because Defendant filed his motion without first receiving authorization from the Tenth Circuit Court of Appeals, this Court lacks jurisdiction to consider the motion. Defendant is required to comply with the AEDPA's relevant provisions and must obtain prior authorization from the Tenth Circuit Court of Appeals before filing a second or successive § 2255 motion in this district court. 28 U.S.C. § 2255(h).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon review of Defendant's Rule 60(b) motion, the Court finds it would be a waste of judicial resources to transfer the motion to the Tenth Circuit for authorization. Based on the record

3

cited above, Defendant has been aware of his claim based on police corruption since February 14, 2011, at the latest, or for more than a year. Although Defendant asserts that his request for relief is based on "newly discovered evidence," the Court finds any constitutional claim contained in the motion is time-barred under 28 U.S.C. § 2255(f) (providing a one (1) year statute of limitations for § 2255 motions). Nothing provided by Defendant indicates that he is entitled to equitable tolling of the one-year limitations period. Cf. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se Defendant, generally does not excuse prompt filing.'"(citations omitted)). The Court concludes the motion shall be dismissed without prejudice for lack of jurisdiction as a second or successive § 2255 motion filed without prior authorization from the Tenth Circuit.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's motion titled "Rule 60B Newly Discovered Evidence" (Dkt. # 124) is **dismissed without prejudice** for lack of jurisdiction as a second or successive 28 U.S.C. § 2255 motion filed without prior authorization from the Tenth Circuit Court of Appeals.

DATED THIS 7th day of November, 2012.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE